USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 05/18/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
:
UNITED STATES OF AMERICA                  :
:
        -against-                 :      21-CR-603 (VEC)
:
:      ORDER
AAMIR WAHAB, WILLIAM WASHINGTON,   :
KEYON DOOLING,                            :
:
                    Defendants.    :
:
------------------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

       WHEREAS on May 16, 2022, the Court arraigned Defendants Aamir Wahab, William Washington, and Keyon Dooling on the superseding indictment (S3); and

       WHEREAS the three Defendants entered pleas of not guilty.

       IT IS HEREBY ORDERED that the next status conference in this matter will be held on **Thursday, July 7, 2022 at 11:00 A.M.** The conference will be held remotely, via teleconference. While the Government and Defense counsel must attend the teleconference, the Defendants are not required to attend. By no later than **Friday, July 1, 2022**, any Defendant who wishes not to attend the conference must file a waiver of in person appearance and a consent to appear via counsel. Any Defendant who plans to attend the teleconference need only file a waiver of in person appearance. If any Defendant would like to appear in person, the Court will schedule an in person conference for that Defendant.

       IT IS FURTHER ORDERED that the Government, Defense counsel, any Defendants who choose to attend, and any interested members of the public must attend the July 7, 2022 conference by dialing 1-888-363-4749, using the access code 3121171, and the security code

Case 1:21-cr-00603-VEC   Document 278   Filed 05/18/22   Page 2 of 4

0603.  All attendees are advised to mute their phones when not speaking and to self-identify each time they speak.  Recording or rebroadcasting the proceeding is strictly prohibited by law.

IT IS FURTHER ORDERED that at the conference, the Court will enter a pre-trial motions briefing schedule and schedule the trials.  The Court plans to try the Defendants in groups of three to five, with one trial scheduled for each month beginning in December 2022.  To that end, the parties are ordered to meet and confer on proposed trial groupings.  If the parties can agree on proposed groupings, the Government must file a letter listing the proposed groupings by no later than **Friday, June 3, 2022**.  If the parties cannot agree, the Government's proposed groupings are due no later than **Friday, June 3, 2022**.  The Defendants' joint response, with proposed counter-groupings, is due no later than **Friday, June 10, 2022**.

IT IS FURTHER ORDERED that this Order is entered, pursuant to Federal Rule of Criminal Procedure 5(f) and the Due Process Protections Act, Pub. L. No 116–182, 134 Stat. 894 (Oct. 21, 2020), to confirm the Government's disclosure obligations under *Brady* v. *Maryland*, 373 U.S. 83 (1963), and its progeny, and to summarize the possible consequences of violating those obligations.

The Government must disclose to the defense all information "favorable to an accused" that is "material either to guilt or to punishment" and that is known to the Government.  *Id.* at 87.  This obligation applies regardless of whether the defendant requests this information or whether the information would itself constitute admissible evidence.  The Government shall disclose such information to the defense promptly after its existence becomes known to the Government so that the defense may make effective use of the information in the preparation of its case.

As part of these obligations, the Government must disclose any information that can be used to impeach the trial testimony of a Government witness within the meaning of *Giglio v. United States*, 405 U.S. 150 (1972), and its progeny.  Such information must be disclosed

2

sufficiently in advance of trial in order for the defendant to make effective use of it at trial or at such other time as the Court may order.[1]

The foregoing obligations are continuing ones and apply to materials that become known to the Government in the future. These obligations also apply to information that is otherwise subject to disclosure regardless of whether the Government credits it.

In the event the Government believes that a disclosure under this Order would compromise witness safety, victim rights, national security, a sensitive law-enforcement technique, or any other substantial government interest, it may apply to the Court for a modification of its obligations, which may include in camera review or withholding or subjecting to a protective order all or part of the information otherwise subject to disclosure.[2]

For purposes of this Order, the Government has an affirmative obligation to seek all information subject to disclosure under this Order from all current or former federal, state, and local prosecutors, law enforcement officers, and other officers who have participated in the prosecution, or investigation that led to the prosecution, of the offense or offenses with which the defendant is charged.

If the Government fails to comply with this Order, the Court, in addition to ordering production of the information, may:

(1) specify the terms and conditions of such production;

(2) grant a continuance;

(3) impose evidentiary sanctions;

(4) impose contempt or other sanctions on any lawyer responsible for violations of the Government's disclosure obligations, or refer the matter to disciplinary authorities;

---

[1] This Order does not purport to set forth an exhaustive list of the Government's disclosure obligations.

[2] The Classified Information Procedures Act sets forth separate procedures to be followed in the event that the Government believes matters relating to classified information may arise in connection with the prosecution. *See* 18 U.S.C. app. 3 §§ 1 *et seq*.

(5) dismiss charges before trial or vacate a conviction after trial or a guilty plea; or

(6) enter any other order that is just under the circumstances.

**SO ORDERED.**

**Dated: May 18, 2022**
      **New York, NY**

                                            **VALERIE CAPRONI**
                                            **United States District Judge**